# JUNE 7, 1933

FRANK ACKERMAN V. THE STATE.

No. 15922.   Delivered June 7, 1933.
Reported in 61 S. W. (2d) 116.

The opinion states the case.

*C. W. Croom,* of El Paso, for the appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for barratry; punishment, a fine of $5.00.

Our barratry statute, article 430, P. C., makes penal the act of "any attorney at law who shall seek or obtain employment in any suit or case at law, or in equity, to prosecute or defend the same, by means of personal solicitation of such employment, or by procuring another to solicit for him employment in such case." It is charged in the information in this case that appellant "was then and there an attorney at law";

also that he did then and there "unlawfully and willfully seek and obtain employment in a suit at law," and said suit at law is described in the information as a suit in the District Court of El Paso County, Texas, 65th Judicial District, wherein Elsie M. Simon was the plaintiff, and Lincoln G. Simon was the defendant, said suit being numbered 38552 on the docket of said court; also it was charged that the employment was "to prosecute said suit," and it was further averred that the employment was "sought from Elsie M. Simon by procuring another, to-wit: Sam E. Wilt to solicit the employment as aforesaid in said case."

Appellant made a motion to quash the information upon the ground that same did not state from whom the employment was solicited. As we read the information, it very explicitly states that such employment was sought from Elsie M. Simon.

Another ground of the motion to quash was that the information did not describe the suit, or allege sufficient facts from which the nature or character of the suit of Simon v. Simon might be ascertained. We think it is entirely immaterial and not necessary to set out the nature or character of the suit. If there was in fact a suit or case at law in a court between two parties named, we think it a sufficient description to refer to the suit as a suit at law, and give its number, and allege the court in which it was filed, and the parties thereto. We do not see how it could make any difference in the criminality of appellant's act, whether it was a divorce suit, a damage suit, or a suit of any other kind or character. We think the court properly overruled the motion to quash.

The statement of facts in this case is in question and answer form and, under the provisions of article 760, C. C. P., cannot be for that reason considered by us. There are no bills of exception in the record.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*